UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHANDE CRAWLEY, PENNY CARSON,
and LINDA BIRMINGHAM, on behalf of
themselves and all others similarly situated,

       Plaintiffs,                        Case No. 08-14040
                                                 Hon. Denise Page Hood

v

MAURA CORRIGAN, in her official
capacity as Director of the Michigan
Department of Human Services,

and

OLGA DAZZO, in her official
capacity as Director of the Michigan
Department of Community Health,

       Defendants.
_____/

**ORDER FOR PAYMENT OF FEES AND COSTS**

This matter is before the Court on the Joint Motion for Approval of Attorneys' Fees and Costs ("Fees Settlement"). The Court has considered the Parties' submissions, and any Objections filed by members of the class, and has been fully advised after adequate notice to the class.

The Court is satisfied that the Parties' proposed settlement of $191,900 to be paid by Defendants to the Center for Civil Justice ("Class Counsel") for fees and costs incurred through July 28, 2011 (excluding certain fees for monitoring activities subsequent to June 30, 2011). The Court is further satisfied that the Parties' proposal for payments to Class Counsel for time reasonably spent on

monitoring the Defendants' implementation of the Final Order and Settlement Agreement in this case is reasonable insofar as it provides for periodic payments for time reasonably spent by attorneys Stangl and Doig at the rate of $300 per hour, other attorneys at the rate of $275, and paraprofessionals at the rate of $100 per hour.

The settlement of $191,900 represents a reasonable and adequate payment for time reasonably spent and costs reasonably incurred by Class Counsel, at a reasonable rate. The rates to be paid for reasonable monitoring activities likewise are reasonable.

This case involves enforcement of rights under the federal Medicaid statue and its enforcing regulations, an area of law known for its complexity. *See, e.g. Michigan Dep't of Social Serv. v. Sec'y of Health and Human Serv.*, 744 F.2d 32, 35 (6th Cir. 1984) (quoting *Schweiker v. Gray Panthers*, 453 U.S. 34, 43 (1981)). The Court previously found the case "is legally, but not factually, complex." It is fair to say that the case involves "novel or difficult questions" and required significant skill to identify and enforce Plaintiff's legal rights, within the meaning of the second and third factors identified in *Johnson v. Georgia Highway Express, Inc.*

The results obtained for the Plaintiff Class were significant, including prospective changes in state Medicaid policies and practices, changes to the state computer system for processing Medicaid eligibility, individual notice and opportunity to file claims for retroactive Medicaid coverage for prospective class

members, thousands of class members had Medicaid coverage reinstated or extended as the result of the outcome of the case.

The attorneys of record, Stangl and Doig, are experienced in litigation of this nature, as reflected in their resumes. Each has more than 27 years' experience representing low-income individuals in the enforcement of rights under federal governmental assistance programs.  This case involved legally complex issues of federal Medicaid law and § 1983 jurisdiction, and the results achieved for the Plaintiff class were significant.  Attorneys Stangl and Doig have documented more than 600 hours work reasonably spent on this case, together with more than 25 hours of work by other attorneys and more than 130 hours spent by paraprofessionals.  In addition, Class Counsel have documented reasonable costs of travel incurred in connection with this case.

The proposed hourly rates are reasonable.  This Court last awarded fees to Ms. Stangl and Ms. Doig at the rate of $240 per hour in 2008, for time spent from 2003-2007 in the case of *Schott v. Haveman*, CV 96-75364, (Doc. 192 in Case 2:960cv-75364-DPH).  At the time the fees were being decided in *Schott,* the most recent Economics of Law Survey for Michigan was from 2003.[1]  In 2003, hourly rates for attorneys included:

| | | | |
|---|---|---|---|
| Downtown Detroit- | Mean $238 | 75th percentile $306 | 95th percentile $440 |
| Statewide- | Mean $177 | 75th percentile $200 | 95th percentile $295 |
| 20-29 years practice- | Mean $188 | 75th percentile $225 | 95th percentile $290. |

---

[1] The Economics of Law Practice summaries of survey results are available online at http://www.michbar.org/opinions/content.cfm.

2:08-cv-14040-DPH-MKM   Doc # 55   Filed 12/21/11   Pg 4 of 6   Pg ID 1193

08-14040  Crawley v. MI Dept of Human Services, Director of, et al
Order for Payment of Fees and Costs

In 2010, the most recent Economics of Law Survey was conducted and the hourly rates for attorneys included:

| | | | |
|---|---|---|---|
| Downtown Detroit- | Mean $255 | 75th percentile $375 | 95th percentile $525 |
| Statewide- | Mean $236 | 75th percentile $278 | 95th percentile $425 |
| 26-30 years' practice- | Mean $248 | 75th percentile $300 | 95th percentile $425.[2] |

In addition, the attached analysis of hourly rates in Wayne County, from the 2010 Survey results, shows for Civil Rights attorneys in Wayne County the mean rate is $292 an hour and the 75th percentile is $300 an hour; for Health and Hospital attorneys in Wayne County the mean rate is $286 an hour and the 75th percentile is $400 an hour (*See* Exhibit D). The 2007 Economics of Law Practice in Michigan is the most recent report on hourly rates for paralegals in Michigan, and it found the mean hourly billing rate was $106.50.

For the reasons stated above,

**IT IS HEREBY ORDERED**:

1.   The Parties Joint Motion for Approval of Attorney Fees and Costs **[Docket No. 50, filed July 18, 2011]** is **GRANTED**.

2.   Defendants shall pay to the Center for Civil Justice the sum of $191,900 for attorneys' fees and costs for the period 2007 through July 28, 2011, under 42 U.S.C. § 1988, excluding monitoring activities conducted on or after July 1, 2011 (July 6, 2011 for attorney Stangl). Neither Plaintiffs nor Plaintiffs' counsel will recover any additional fees, costs, expenses or expenditures of any kind from Defendants for this time period, except for monitoring activities conducted from

July 1, 2011 (July 6, 2011 for Stangl) through the date of this motion and Defendants are released from any such further payments.

      2.     Plaintiffs' counsel may seek reimbursement from Defendants for their reasonable time and expenses in monitoring Defendants' implementation of, and compliance with, the settlement.  The settlement contemplated that such monitoring activities would continue as long as the Settlement Agreement remains in effect [*i.e.* until the Court makes a finding that Defendants have complied with the Order for 12 months' subsequent to entry of the Final Order (Doc. 45, p. 4, incorporating Doc. 37-2)].  Plaintiffs' counsel may periodically request reimbursement at the rates of $300/hour for Ms. Doig and Ms. Stangl, $275 for other attorneys' time, and at $100/hour for paralegal/non-attorneys during the time the Settlement Agreement remains in effect.  Defendants shall be responsible for reimbursement of time reasonably spent for monitoring Defendants' implementation of, and compliance with, the settlement, at the stated rates, and the parties shall work in good faith to ensure reimbursement occurs without the need for further action by the Court.  However, Class Counsel shall retain the right to move for an order for fees and costs if differences between the parties as to reimbursement, implementation, or compliance cannot be resolved.

Dated:  December 21, 2011                      s/Denise Page Hood
                                                                         DENISE PAGE HOOD
                                                                         UNITED STATES DISTRICT JUDGE

08-14040  Crawley v. MI Dept of Human Services, Director of, et al
Order for Payment of Fees and Costs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, Wednesday, December 21, 2011, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5160